FREEMAN v. WINKLER et al.

(Supreme Court, Appellate Term.   March 14, 1907.)

CARRIERS — CARRIAGE OF GOODS — FAILURE TO DELIVER — EVIDENCE — SUFFI-
CIENCY.

> In an action against defendants as common carriers for failure to de-
> liver certain goods, evidence examined, and *held* insufficient to show the
> alleged failure to deliver.

Appeal from Municipal Court, Borough of Manhattan, Fourteenth
District.

Action by Solomon Freeman against John Winkler and another.
Judgment for defendants, and plaintiff appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HEN-
DRICK, JJ.

Fleischman & Fox, for appellant.
William Willett, Jr., for respondents.

GILDERSLEEVE, P. J.   This action was brought to recover for
damages alleged to have been sustained by the plaintiff, because of
the alleged failure of the defendants to deliver certain goods at the
residence of the plaintiff at Arverne, Long Island, which had pre-
viously been placed in the possession of the defendants as common
carriers.   The action was tried before a jury, and the verdict was
for the defendants.   From the judgment entered upon this verdict the
plaintiff appeals, on the ground that the verdict is against the weight
of evidence.

The plaintiff employed the defendants to carry articles of furniture
and other things from his residence in New York City to his residence
at Arverne, Long Island.   The defendants' driver appeared at plain-
tiff's New York residence, received the goods delivered to him by
plaintiff, placed them carefully in his wagon, covered them with
burlap, and conveyed them to plaintiff's residence at Arverne, Long
Island.   All the goods he received at the New York residence he says
he delivered at the Arverne residence;   that at no time during the
transit of these goods were they out of his sight.   When the defend-
ants' driver arrived at Arverne, the plaintiff was there, directed as
to the disposition of the goods, and received them in his residence.
Plaintiff and his witnesses described the packing of the goods and the
delivery of them to the defendants' driver.   This is conceded by the
defense.   The plaintiff and his witnesses then testified as to what took
place when the goods were delivered at the Arverne residence that
same night.   The plaintiff says:

"They brought the stuff in the office. We didn't take count of anything that
came in, because we were tired. I told him (the defendants' driver) to pack
them all in one room; and they brought it in, except one trunk, which they
carried around the other way. We never took account of anything. Q. So you
did not examine anything that was delivered there that night? A. No, sir."

When the driver arrived at Arverne in the evening, plaintiff did not
observe how many boxes were delivered.   He directed the driver to

pile the stuff on one side in the office. The plaintiff's wife, Theresa H. Freeman, testified:

"Nothing was examined that evening; simply put in as rapidly as possible."

Plaintiff's witnesses then say that plaintiff locked the door in which the goods were placed, leaving the key in the door, and also bolting it; but the room was accessible to any of the occupants of the house. The next morning he arose; did not go to the room, but went fishing. He returned about half past 4 o'clock in the afternoon, and learned that other members of his household had discovered at 9 o'clock in the morning that the box of goods, alleged to have been lost, was missing. The plaintiff's witnesses, therefore, do not positively testify that the defendants failed to deliver at Arverne all the goods received by their man in New York that same night. They only testify that the next morning at 9 o'clock a box was missing. The simple fact presented to the jury was:

"Did the defendants deliver to the plaintiff at his Arverne residence all the goods received by them for cartage at his New York residence?"

The defendants' witness, the driver, testified that he did, and the jury had a right to believe him. There are no questions of law requiring discussion, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.